UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CURTIS TRAHAN                              Civil Action No. 6:21-0383

versus                                     Judge Michael J. Juneau

UNITED SPECIALTY INS. CO., ET AL.          Magistrate Judge Carol B Whitehurst

**REPORT AND RECOMMENDATION**

Before the undersigned, on referral from the district judge, is the Motion to Remand [Doc. 7] filed by plaintiff Curtis Trahan ("plaintiff"). The motion is opposed by defendant United Specialty Insurance Company ("USIC") [Doc. 10]. For the following reasons, IT IS RECOMMENDED that the Motion to Remand be GRANTED, and that this matter be REMANDED to the 19th Judicial District Court for the Parish of East Baton Rouge.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises from a motor vehicle accident that took place on August 7, 2020. Plaintiff alleges personal injuries caused by the negligence of the defendants, Sarbjit S. Sidhu and Crown Dispatch, L.L.C. Plaintiff filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge against Sidhu, Crown Dispatch, and their insurer, USIC. In his state court petition, plaintiff alleges that the accident was caused by Sidhu's careless and unsafe operation of the tractor trailer he was operating on behalf of Crown Dispatch, which was insured by USIC. The

1

defendants removed this matter to this district relying on 28 U.S.C. 1332(a) diversity jurisdiction.

Defendants acknowledge that the plaintiff's lawsuit was pending in the 19th Judicial District Court at the time it was removed, and it appears to the undersigned that the matter was inadvertently removed to this Court on February 12, 2021. Although defendants argue that the Western District of Louisiana is the more appropriate venue for the action, because the plaintiff is a resident of Jefferson Davis Parish and the accident occurred in Acadia Parish, they nevertheless appear to agree that this matter should be litigated in the Middle District of Louisiana. Thus, the defendants suggest that this matter should be *transferred* to the Middle District rather than *remanded* to the 19th Judicial District Court.

## II.     LAW AND ANALYSIS

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gash v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

Pursuant to 28 U.S.C. § 1441(a), a defendant is required to remove a case to "the district court of the United States for the district embracing the place where such

action is pending." Similarly, 28 U.S.C. § 1446 requires that a defendant "shall file in the district court for the United States for the district and division within which such action is pending a notice of removal . . ."

Though not binding on this Court, the Court finds the reasoning in *Hampton Pugh, LLC v. Monsanto Co.,* 2018 WL 295563 (E.D. Ark. 2018), instructive in determining whether remand is the appropriate remedy in this case. In ordering remand to state court in a civil action removed to the wrong U.S. district court, the *Hampton* Court explained:

> First, the statute's rule about where to remove is clear. The correct district and division are required. This is not a situation in which the law's requirement is vague or opaque.
>
> Second, the key verb in the statute prescribing the general removal requirements is shall. When Congress uses that word it usually means must. *Kingdomware Techs, Inc. v. United States,* 136 S.Ct. 1969, 1977, 195 L.Ed.2d 334 (2016).
>
> Third, 28 U.S.C § 1447(c) authorizes timely motions to remand based on non-jurisdictional defects. This provision's premise is that defects of this kind can justify remand.

*Hampton Pugh, LLC,* at *2.

Although the issue has not been squarely addressed by the Fifth Circuit, in *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544 (5th Cir. 2020), the court suggested that in matters where a case is improperly removed to the wrong federal district court, remand – rather than transfer -- is appropriate, to wit:

Generally speaking, defendants may remove an action from state to federal court if federal district courts have "original jurisdiction" over the action. 28 U.S.C. § 1441(a); *S J Assoc. Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 372-73 (5th Cir. 2020) (citation omitted). (As discussed *infra*, the major exception, not relevant here, concerns an action removable "solely on the basis of" diversity jurisdiction and bars removal where any defendant is a citizen of the State in whose courts the action is filed. 28 U.S.C. § 1441(b)(2).) The action is to be removed "to the district court of the United States for the district and division embracing the place where such action is pending". *Id.* § 1441(a).

Removal may be improper, however, for jurisdictional or procedural reasons. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Jurisdictional defects require remand to state court. *Id.* (citations omitted); *see* 28 U.S.C. § 1447(c). And, as noted in part, they may be asserted at any point before a final, non-appealable judgment is rendered. *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (citation omitted). (It goes without saying courts are also obliged to raise jurisdictional defects "*sua sponte*, if necessary". *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (citation omitted).)

**By contrast, procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand "within 30 days after the filing of the notice of removal under section 1446(a)" (describing removal procedure)**. 28 U.S.C. § 1447(c). Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper. *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991).

[ . . . ]

We also find persuasive the eleventh circuit's thorough opinion in *Peterson v. BMI Refractories*, "hold[ing] that failure to comply with the geographic requirements of §1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case". 124 F.3d 1386, 1394 (11th Cir. 1997).

*Hinkley*, 968 F.3d at 549-51 (emphasis added). Because no motion to remand had been properly filed in *Hinkley*, the issue of whether to remand or transfer was not squarely before the court. However, in the opinion, the Fifth Circuit strongly suggested that, where a properly filed motion to remand has been filed and there is a geographical defect in the removal, remand is warranted.

### III. CONCLUSION

In this case, the undersigned finds that the matter was removed to the wrong federal district court under the removal statute, and a timely motion to remand was properly filed. Under *Hinkley*, the appropriate remedy in the instant case is remand to the 19th Judicial District Court for the Parish of East Baton Rouge. Thus, for the reasons stated herein,

IT IS RECOMMENDED that the Motion to Remand [Doc. 7] be GRANTED, and this matter be REMANDED to the 19th Judicial District Court for the Parish of East Baton Rouge.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana on May 11, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE